944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL BEY, Hasten Freeny El, and Andre L. Hughes,
Plaintiffs-Appellants,
v.
Mycheal D. EVANS, Pete Vidor, Raymond Palmer, Donald Mason,
Beverly Williams and Janna Erridge, Defendants-Appellees.
 Nos. 90-1842, 90-1844.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and DOWD, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs William Bell Bey, Hasten Freeny El, and Andre L. Hughes, prisoners at the Ionia Maximum Correctional Facility in Ionia, Michigan, appeal the district court's grant of summary judgment in favor of the defendant prison officials in this suit brought under 42 U.S.C. § 1983. Because the prison officials are entitled to qualified immunity, we affirm the grant of summary judgment in their favor.
 
 I.
 
 2
 On March 26, 1990, defendant Peter Vidor, deputy warden at the Ionia Maximum Correctional Facility, announced that beginning April 27, 1990, maximum security prisoners' visits would be held only in noncontact booths. The plaintiffs responded to this announcement by filing a lawsuit alleging, pursuant to 42 U.S.C. § 1983, that prison officials implemented noncontact visitation in violation of prison policies and procedures; in violation of prisoners' freedom of religion, their right to meet with attorneys, and their right to marry and maintain family relationships; and in order to inflict psychological pain and mental anguish upon the prisoners. They also suggested that the policy constituted race discrimination.[1] The district court granted summary judgment for the defendants, finding that the plaintiffs had failed to show they were denied a liberty interest without due process of law and that security considerations could justify restrictions on visitation.
 
 II.
 A.
 Standard of Review
 
 3
 Appellate courts review a grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Thus, we must determine for ourselves whether the pleadings, depositions, answers to interrogatories, and admissions on file " 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Pro se prisoner appeals challenging the conduct of prison officials are subject to special rules. Courts must use a liberal standard of review and view the claim indulgently in reviewing the claims of pro se plaintiffs. Mulazim v. Slusher, No. 89-1510 (6th Cir. Feb. 5. 1990) (unpublished disposition). However, the courts must also recall that " '[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " Hewitt v. Helms, 459 U.S. 460, 472 (1983) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)).
 
 B.
 Qualified Immunity
 
 4
 Government officials are entitled to immunity from suit unless their actions violate a "clearly established" right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The Supreme Court explained that for a right to be "clearly established,"
 
 
 5
 [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of pre-existing law the unlawfulness must be apparent.
 
 
 6
 Id.
 
 
 7
 The law does not clearly establish that prisoners are entitled to contact visitation. Our circuit has held that "[p]rison inmates have no absolute constitutional right to visitation" and that "[l]imitations upon visitation may be imposed if they are necessary to meet penological objectives such as the ... maintenance of security and order." Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 8
 That there is a valid, rational connection between a ban on contact visits and internal security ... is too obvious to warrant extended discussion.... Contact visits invite a host of security problems. They open the institution to the introduction of drugs, weapons, and other contraband. Visitors can easily conceal ... contraband in countless ways and pass them to an inmate unnoticed by even the most vigilant observers.
 
 
 9
 Block v. Rutherford, 468 U.S. 576, 586 (1984). Contact visits are also dangerous because of the possibility that an inmate, especially one in a maximum security prison who may have a history of violence, may take a visitor hostage or use a visitor as a pawn in an escape attempt. Id. at 586-87. Prison officials may thus completely ban contact visitation regardless of the risk posed in the individual case because of the difficulties of determining that risk, and the possibility that lower risk inmates would be used to obtain contraband or orchestrate escapes. Id. Although Block involved pretrial detention facilities, not a prison, the dangers posed by convicted felons and the security risks involved in a larger facility do not seem to warrant a different outcome. In all events, there is no clearly established right to contact visitation.
 
 
 10
 The plaintiffs argue that under prison policy directive PD-BCF 63.02 an inmate may not be deprived of contact visitation without a hearing. This policy directive, however, does not affect the defendants' entitlement to qualified immunity because "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." Davis v. Scherer, 468 U.S. 183, 194 (1984) (footnote omitted).
 
 III.
 
 11
 Because the defendants are entitled to qualified immunity, we AFFIRM the grant of summary judgment in their favor.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The suit also challenged other practices and policies of the prison, but the plaintiffs' brief on appeal only addresses noncontact visitation